■    In the Matter of WANDA VELEZ et al. v. GEORGE K. WYMAN.— Motion granted and, upon reargument, the order of this court entered on March 23, 1971 (36 A D 2d 713) is vacated, and the order and judgment (one paper) of the Supreme Court, Bronx County, entered on October 26, 1970, in favor of petitioner, annulling respondent's determination and remanding to respondent to determine the amount of petitioner's loss, is unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed. Respondent's determination was made on petitioner's application to the New York City Social Services Department for an allowance pursuant to subdivision 6 of section 131-a of the Social Services Law, to replace items lost by reason of catastrophe, said to have been a burglary; respondent State Commissioner affirmed the city agency's denial of the application, holding that a burglary is not such a catastrophe as the statute and its implementing regulation contemplated. We held with petitioner, and remanded to respondent accordingly, in one decision together with an identical New York County case (*Matter of Howard* v. *Wyman*, 36 A D 2d 713). The Court of Appeals reversed in the *Howard* case (28 N Y 2d 434), sustaining the respondent's determination. We are constrained to conform our disposition herein to the holding in *Howard*. In so doing we repeat the gist of footnote 3 (p. 438) of the decision of the Court of Appeals, that the disposition does not preclude a separate application for relief as "emergency assistance" (Social Services Law, § 350-j, subd. 2). Concur — Stevens, P. J., McGivern, Markewich, Nunez and Kupferman, JJ.

■    In the Matter of LEONARD ALLEN v. PATRICK V. MURPHY. In the Matter of CHARLES W. LEIGH v. PATRICK V. MURPHY.— Respondent moves for reargument or leave to appeal to the Court of Appeals from orders of this court entered June 29, 1971, which annulled determinations dismissing the petitioners from the police department and remanding the matters for further proceedings. The motions are granted insofar as they seek reargument. Upon reargument the prior decision and orders of this court (37 A D 2d 117), each entered on June 29, 1971, are vacated, and further, the determinations of the respondent, each dated October 7, 1970, which terminated the services of the petitioners herein, are unanimously confirmed, without costs and without disbursements. It is conceded by the appellants that the cases of *People* v. *Feinlowitz* (29 N Y 2d 176) and *People* v. *Iannaccone* (29 N Y 2d 612) require that reargument be granted. Since the record indicates the evidence used at the administrative hearings would be admissible under the afore-mentioned cases, the determinations appealed from are confirmed. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and Tilzer, JJ.